UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61457-CIV-DIMITROULEAS

CARIBBEAN WEDDINGS, INC.,

    Plaintiff,

vs.

CARIBBEAN WEDDING ASSOCIATION, LLC,
and JACQUELINE JOHNSON,

    Defendants.
_____/

## ORDER VACATING MARCH 9, 2008 ORDER [DE 16]

THIS CAUSE is before the Court *sua sponte*.

On March 6, 2009, the Defendants filed a Motion to Withdraw and for Substitution of Counsel [DE 14]. On March 9, 2009, the Court granted the Motion, allowing attorney John D. O'Donnell, Esq., to withdraw as attorney of record for Defendants. Then Shutts & Bowen LLP reported a conflict of interest that would prevent the firm from representing the Defendants in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This Order vacates the March 9, 2009 Order [DE 16] allowing attorney John D. O'Donnell to withdraw as counsel for the Defendants. John D. O'Donnell is hereby reinstated as counsel for the Defendants.

2. Defendants shall show cause as to why Shutts & Bowen LLP should be allowed to withdraw as counsel for Defendants on or before March 30, 2009. Failure to object will result in

this Court to allow all counsel for Defendants to withdraw.[1]

3.  All counsel for Defendants are ordered to serve this Order upon Defendants Caribbean Wedding Association, LLC and Jacqueline Johnson.[2]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of March, 2009.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Alan M. Weisberg, Esq.
Jeffrey Kamenetsky, Esq.
John D. O'Donnell, Esq.
Sidney C. Calloway, Esq.

---

[1] We remind Caribbean Wedding Association, LLC, that as a limited liability company, it may only appear in federal court when represented by counsel.  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-202 (1993) ("It has the been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)).

[2] The Court notes that the Joint Scheduling Report this Court ordered on September 15, 2008 [DE 3] to be due thirty-five (35) days after the Answer of the last responding Defendant is now overdue.